IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IRON WORKERS ST. LOUIS DISTRICT )
COUNCIL ANNUITY TRUST, et al.,  )
                                )
        Plaintiffs,             )
                                )   CIVIL NO. 09-cv-698-WDS
vs.                             )
                                )
TRI-STAR STEEL ERECTORS, INC.,  )
                                )
        Defendant.              )

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

    A.    Procedural History

This matter is before the Court on Plaintiffs' Third Motion For Default Judgment. Plaintiffs filed their Complaint on September 4, 2009 (Doc. 2). The Summons and Complaint were served on Defendant on December 11, 2009 (Doc. 11). On January 14, 2010, Plaintiffs filed their Request for Clerk's Entry of Default against Defendant, Tri-Star Steel Erectors, Inc. (hereinafter "Tri-Star" or "Defendant"). On January 15, 2010, the Clerk entered Default against Defendant (Doc. 13), and entry of Default was served upon Defendant by U.S. Mail on April 30, 2010 (Doc. 23).

The Complaint is stated in two (2) Counts. Count I seeks Judgment requiring Defendant to submit its books to an audit, and for an award of the contributions determined to be due and owing by the audit, along with Liquidated Damages, interest, costs and attorneys' fees. Count II seeks Judgment voiding a prior settlement agreement between the Parties which Defendant breached, and an award of damages and interest. As to both Counts, Plaintiffs request an award of their attorneys' fees and costs.

B.  <u>Liability Upon Entry of Default Judgment</u>

The factual allegations in the Complaint (except as they relate to the amount of damages) are deemed admitted upon entry of Default Judgment. *In re Uranium Antitrust Litigation*, 473 F.Supp. 382, 390-391 (C.D. Ill. 1979) (citing *Brown v. Kenron Aluminum & Glass Corp*. 477 F.2d 526, 531 (8th Cir. 1973) (ERISA Fringe Benefit case)). "Because Defendant failed to answer Plaintiffs' Complaint, Defendant's liability to Plaintiffs for [a] violation [of Section] 1145, is established." *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co., Inc.*, 2008 WL154641,*4-5 (N.D. Iowa January 15, 2008). Plaintiff is not required to establish a right to recover. *Brown,* 477 F.2d at 531. "If the Default is established, the Defendant has no further standing to contest the merits of Plaintiff's right to recover." <u>Id</u>.

C.  <u>Relief Requested By Plaintiffs</u>

The language of ERISA Section 502(g)(2) is mandatory. *Giles v. Burton Constr. Co.*, 736 F.2d 1142, 1144 (7th Cir. 1984). Moreover, requiring the payment of liquidated damages or double interest "furthers the congressional policy of discouraging delinquency and payment of benefit contributions." *Central States Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 854 F.2d 1074, 1080 (7th Cir. 1988), *rev'd on other grounds*, *Central States Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148 (7th Cir. 1989).

In Count I, Plaintiffs request an Order for an audit, it being undisputed that Defendant failed to submit contribution report forms for the months of November 2001, April 2007, and August 2008. (Affidavit of Cherie Polatsidis ("Polatsidis Affidavit")). ERISA Section 502(g)(2)(E) authorizes the award of "such other legal or equitable relief as the Court deems appropriate." Based on the statute and the cases cited by Plaintiffs, and the undisputed fact that Defendant has failed to submit all the

required contribution report forms, the Court concludes that an audit is appropriate pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E). Plaintiffs are further granted leave to file supplemental proofs establishing the amount of contributions determined to be due and owing, as well as the "consequential damages" to which they are entitled pursuant to ERISA. Plaintiffs are further awarded the costs of the audit, their attorneys' fees and costs on Count I. Plaintiffs shall have leave to file supplemental papers establishing their attorneys' fees and costs.

  E. Count II

In Count II, Plaintiffs seek an award of damages for breach of a prior settlement agreement between the Parties (Exhibit 2). Pursuant to the Agreement, the Parties agreed to settle Plaintiffs' claim, in the gross amount of $68,047.78, supported by a Payroll Examination. *See*, Exhibit 1 to Memorandum In Support. The settlement was for $42,383.84, which Defendant agreed to pay in monthly installments of between $1,000.00 and $2,000.00. Defendant did not make all of the required payments throughout the term of the settlement and although the Settlement Agreement should have run its course in 2009, Defendant has made no payments since May 2009. (Polatsidis Affidavit).

The Court finds that Defendant has breached the Settlement Agreement. Pursuant to paragraph 10, Plaintiffs have exercised their option to void the Settlement Agreement. Pursuant to that paragraph, Plaintiffs request $37,714.38 in damages, representing the difference between the total amount of the audit ($68,047.78) and the payments made by Defendant, totaling $30,333.40.

Plaintiffs also establish their entitlement to interest through the Affidavit of Brad Soderstrom and several exhibits which calculate interest at a rate of 1.5% per month compounded, through May 2010. *See*, Exhibits 3, 4, 5 and 6. Plaintiffs shall have an award of interest in the amount of

$156,487.69.

Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are also entitled to Liquidated Damages. Ten percent (10%) Liquidated Damages are $8,436.32, as supported by the Affidavit of Brad Soderstrom.

The Settlement Agreement also provides that Plaintiffs shall have their attorneys' fees and costs. As with Count I, Plaintiffs shall have leave to file supplemental papers establishing their attorneys' fees and costs.

IT IS HEREBY ORDERED that Plaintiffs' Motion For Default Judgment is GRANTED.

IT IS FURTHER ORDERED that, as to Count I:

    a.    Defendant Tri-Star Steel Erectors, Inc. shall submit its records to an audit for the period of 2003 to present, within 30 days of the date of this Judgment;

    c.    Defendant Tri-Star Steel Erectors, Inc. shall pay to Plaintiffs all amounts determined to be due by audit, including:

        I.    All contributions;

        ii.    Liquidated Damages in the amount of 10%

        iii.    Interest; and

        iv.    Attorneys' fees and costs, including costs of the audit.

IT IS FURTHER ORDERED that, as to Count II;

    a.    Judgment is entered for Plaintiffs in the amount of $37,714.38;

    b.    Plaintiffs are awarded interest in the amount of $156,487.69;

    c.    Liquidated Damages in the amount of $8,436.32; and

    d.    Attorneys fees and costs in the amount of $15,892.00.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATE: October 5, 2010**

                                            **/s/  WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**